[Civ. No. 1230.   Fourth Appellate District.—April 4, 1934.]

RUTH E. FIREBAUGH, Respondent, v. R. S. THOMAS et al., Appellants.

Farnsworth, Burke & Maddox for Appellants.

Walter C. Haight and Wilko G. Machetanz for Respondent.

BARNARD, P. J.—On October 17, 1930, the respondent, as seller, and the appellants as buyer, entered into a written contract of sale of a crop of Emperor grapes then growing on respondent's vineyard near Exeter. Among other things, the contract provided that the buyer was to pay for picking and hauling the crop, that the entire crop was to be picked not later than November 5th, that all grapes picked "shall meet the requirements of Growers Service Company and No. 1 Juice for Juice Grapes", and that the buyer should not be liable under the contract if the fruit was not matured so as to permit picking on the dates named. The appellants began picking the grapes on November 12th, and continued until November 19th. On the night of that day a frost destroyed the grapes remaining on the vines and this action was brought for the purpose of recovering the contract price for the same. The court found in all respects in favor of the respondent and from a judgment which followed this appeal was taken.

Most of the points raised are based upon the contention that, under the contract, the appellants were not obligated to pick the crop but that the duty rested upon the respondent to pick and deliver the same. The complaint

alleged an agreement on the part of the appellants to pick the crop and a failure to perform in that regard. The appellants answered that they had picked and paid for all of said crop which met the requirement as to grade and quality; that in that regard they had fully complied with and performed all the covenants specified in the agreement to be performed by them; and further alleged that they had picked a certain quantity of grapes and that the sole and only reason why the remainder of the grapes were not picked by them was that the remainder of the crop was not of the grade or quality specified in the agreement, within the time named therein. There was evidence that the appellants at that time maintained ten picking crews for the purpose of picking grapes purchased by them in the Exeter district; that immediately after the contract was signed the appellant Sisler, who was the representative of the appellants in that district, asked the respondent to disc the vineyard to make it ready for picking and said that they would come and pick the crop on the next Monday or Tuesday; that the respondent's husband later endeavored to find the appellant Sisler for the purpose of getting him to come and pick the crop; that he finally saw him and asked him if he did not want the grapes, telling him that he could sell them elsewhere, and Sisler replied: "Sure I want them;" that after trying many times to see Sisler the respondent's husband was arranging to sell the grapes elsewhere when Sisler brought in a picking crew and commenced to pick on November 12th; and that the appellants then picked until November 19th, when the remainder of the crop was destroyed by frost. The terms of the contract are not clear with regard to which party was to do the picking and the best interpretation thereof, and of the agreement and understanding of the parties, is furnished by their subsequent action. The pleadings and evidence fully support the court's findings and there is no merit to any of the contentions made that the appellants were not to pick the crop or that the respondent breached the contract by failing to pick and deliver the same. ■ Likewise, all claims that the liability of appellants was limited by the final date for picking named in the contract, to wit, November 5th, are untenable not only because the appel-

lants waived any reliance on that limitation, but because of their own failure to begin picking at an earlier date.

The appellants contend that the court's findings to the effect that the remaining grapes were properly matured and of a quality conforming to the required standard are not supported by the evidence. It is contended that the contract provided not only that the grapes should be up to the standard known as "U. S. No. 1", but that they should meet the requirements of the appellants. The appellant Sisler testified in regard to the latter requirement. His testimony is vague and indefinite and rather evasive as to what were the requirements of the appellants, and the same fails to show that those requirements were any higher or different than those required for "U. S. No. 1". The clements. he attempted to name, such as "keeping qualities" and "fitness for shipping", are fully covered by the provisions governing "U. S. No. 1". There was some evidence that the grapes remaining in the field were up to the standard set by "U. S. No. 1" and the appellants virtually admit this fact, but claim that none of the grapes met this standard until November 12th, and that they are not liable because the contract named November 5th as the last day for picking this crop. This contention has already been disposed of. Not only was there some evidence that the grapes were of the quality named in the contract, and that they had been of that quality at all times after October 17th, but the essential findings in this regard are supported by another line of evidence. The appellants introduced some testimony to the effect that only part of the grapes were ready to pick even after November 12th, and that by November 19th, they had picked over practically the entire vineyard, taking all of the grapes that were then ready. There was other evidence that, up to the time of the frost on the night of November 19th, they had picked over only about one-half of the vineyard, and there was evidence that the grapes on the remaining part of the vineyard were of similar quality and maturity to those picked and paid for, this evidence applying to a quantity sufficient to cover the judgment rendered. While a conflict appears, the entire evidence, with the reasonable inferences therefrom, fully sustains the findings and justifies the conclusion that the loss of these grapes through frost occurred only because of an

unwarranted delay in the part of the appellants in picking the crop.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.